IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Civil Action No.: 2:24-cv-02877-RMG

| | |
|---|---|
| NATIONAL FOAM, INC., | ) |
| *Plaintiff* | ) ) ) ) ) ) |
| vs. | ) **COMPLAINT** ) ) **(Jury Trial Demanded)** |
| ZURICH AMERICAN INSURANCE COMPANY, INC., | ) ) ) |
| ZURICH INSURANCE PLC, | ) ) |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, | ) ) ) |
| COMMERCE AND INDUSTRY INSURANCE COMPANY, INC. | ) ) ) |
| AIG EUROPE LIMITED, and | ) ) |
| XL INSURANCE COMPANY SE | ) ) |
| *Defendants.* | ) ) |

Plaintiff National Foam, Inc. alleges as follows:

1. This is an insurance coverage action for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. This action arises under commercial general liability ("CGL") policies, public and products liability policies, and excess liability policies (collectively the "Policies") issued by the Defendant insurance companies ("Insurer Defendants") covering Plaintiff National Foam, Inc. ("National Foam").

2. National Foam is a leading manufacturer of firefighting foam, foam

1

proportioning systems, fixed and portable foam firefighting equipment, monitors, nozzles and specialized big flow pumping solutions.

3. National Foam has been named as a defendant in thousands of underlying lawsuits brought by military and civilian firefighters, public and private water districts, state and municipal governmental authorities, and others, that have allegedly suffered bodily injury, personal injury, or property damage that they attribute to exposure to Aqueous Film-Forming Foams and/or other fire safety products manufactured, designed, sold, supplied, or distributed by National Foam ("AFFF Suits").  These AFFF Suits have been filed in various state and federal courts throughout the country.  The majority of these lawsuits have been transferred and/or consolidated in the District Court of South Carolina and are currently pending before this Court as part of the In re: Aqueous Film-Forming Foams Products Liability Litigation, MDL No. 2:18-mm-2873-RMG before the Honorable Richard M. Gergel (the "MDL").

4. By way of this action, National Foam seeks to streamline this litigation by adjudicating these insurance coverage issues before the same Court that is overseeing the MDL.

5. National Foam seeks: (i) a determination that the Insurer Defendants breached their Policies by failing to provide a defense and/or indemnity to National Foam for the AFFF Suits and/or the MDL; (ii) a determination that the Insurer Defendants breached the implied covenant of good faith and fair dealing in their handling of these claims; and (iii) a declaration of the Insurer Defendants duties and obligations under the Policies.

## THE PARTIES

### *Plaintiff*

6. National Foam is a corporation organized and existing under the laws of the State of Delaware, with its headquarters and principal place of business located in North Carolina. National Foam does business in South Carolina where its firefighting products are sold, distributed, supplied, implemented, and used.

2

## *Defendants*

### *The Zurich Defendants*

7.      Defendant Zurich American Insurance Company ("Zurich American") is a corporation organized under the laws of New York, with its principal place of business located in Illinois.  Upon information and belief, Zurich American is authorized to do business in South Carolina, which includes the issuance of insurance policies that provide coverage for property, lives, or interests in South Carolina.

8.      Defendant Zurich Insurance PLC ("Zurich PLC") is a limited company incorporated in the Republic of Ireland with its principal place of business in Dublin, Ireland.  Upon information and belief, Zurich PLC is authorized to do business in South Carolina, which includes the issuance of insurance policies that provide coverage for property, lives, or interests in South Carolina.

### *The XL Defendant*

9.      Defendant XL Insurance Company SE ("XL Insurance") is a company incorporated in the Republic of Ireland with its principal place of business in Dublin, Ireland.  Upon information and belief, XL Insurance is authorized to do business in South Carolina, which includes the issuance of insurance policies that provide coverage for property, lives, or interests in South Carolina.

### *The AIG Defendants*

10.     Defendant The Insurance Company of the State of Pennsylvania ("Pennsylvania Insurance") is a corporation organized under the laws of Illinois with its principal place of business in New York.  Upon information and belief, Pennsylvania Insurance is authorized to do business in South Carolina, which includes the issuance of insurance policies that provide

coverage for property, lives, or interests in South Carolina. Pennsylvania Insurance is a wholly owned subsidiary of American International Group, Inc. ("AIG").

11. Defendant Commerce and Industry Insurance Company, Inc. ("Commerce Insurance") is a corporation organized under the laws of New York with its principal place of business in New York. Upon information and belief, Commerce Insurance is authorized to do business in South Carolina, which includes the issuance of insurance policies that provide coverage for property, lives, or interests in South Carolina. Commerce Insurance is a wholly owned subsidiary of AIG.

12. Defendant AIG Europe Limited ("AIG Limited") is a limited company incorporated in England with its principal place of business in London, England. Upon information and belief, AIG Limited is authorized to do business in South Carolina, which includes the issuance of insurance policies that provide coverage for property, lives, or interests in South Carolina. AIG Limited is a wholly owned subsidiary of AIG.

## JURISDICTION AND VENUE

13. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. Complete diversity exists because no Insurer Defendant is domiciled in the same states as Plaintiff. Furthermore, the amount in controversy substantially exceeds the jurisdictional threshold of $75,000 exclusive of interest and costs.

14. This Court may exercise personal jurisdiction over each Insurer Defendant consistent with due process because each Insurer Defendant: (i) is authorized to do business in South Carolina; (ii) has engaged, and continues to engage, in substantial business activities in South Carolina, including the selling of insurance policies to policyholders operating in the State; (iii) has insured, and continues, to insure risks in South Carolina including providing coverage for property, lives, or interests in the State; (iv) issued Policies that provide coverage to National Foam and apply a coverage territory that includes South Carolina; (v) issued Policies that provide coverage to National Foam for risks associated with National Foam's products that

4

were sold, distributed, implemented, and/or used in South Carolina; and (vi) issued Policies that provide a duty to defend and/or a duty to indemnify defense costs incurred with respect to litigation pending in South Carolina, including the AFFF Suits and the MDL. Accordingly, each Insurer Defendant has purposely availed themselves of this forum.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because: (i) each Insurer Defendant is subject to personal jurisdiction of this District; (ii) a substantial part of events giving rise to this action occurred in this District, including the AFFF Suits and the MDL for which the Insurer Defendants' Policies provide coverage; and (iii) adjudicating these insurance coverage issues in the same District as the AFFF Suits and the MDL will facilitate coordination and cooperation amongst parties to those related actions and will increase the efficiency and economy of those actions for the parties and the Court.

## FACTUAL BACKGROUND

### *The AFFF Suits*

16. National Foam has been named as a defendant in over 8,000 AFFF Suits which allege bodily injury, personal injury, and/or property damage (or combination thereof) caused by certain man-made chemicals known as per- and polyfluoroalkyl substances ("PFAS") which are allegedly contained in Aqueous Film-Forming Foams and/or other fire safety products that are manufactured, designed, sold, supplied, or distributed by National Foam. The vast majority of the AFFF Suits have been filed, transferred, and/or consolidated in this District and are now pending before this Court as part of the MDL. A list of cases in the MDL naming National Foam as a Defendant as of May 4, 2024, is attached hereto as Exhibit A.

17. The AFFF Suits seek damages based on causes of action sounding in product liability, strict liability, including strict products liability, failure to warn, nuisance, negligence, and trespass, among others.

18. The AFFF Suits allege that individuals and/or property were exposed to PFAS

contained in National Foam's products resulting in bodily injury, personal injury, or property damage during one or more of the policy periods of the Policies.

19.     National Foam has been forced to expend substantial resources to vigorously defend itself against the AFFF Suits and the MDL.  This is the direct result of the Defendant Insurers wrongful and unreasonable refusal to defend and/or indemnify National Foam despite their clear obligation to do so under their Policies and the law.

### *The Policies*

20.     The Zurich Defendants issued at least the following Policies, which provide coverage to National Foam, with effective dates and policy numbers as set forth below:

| Policy Type | Policy Number | Policy Period |
|---|---|---|
| CGL Policy issued by Zurich American | GLO 5415740-00 | 6/28/2013 – 6/28/2014 |
| Public & Products Liability Policy issued by Zurich PLC | 7067720 13 CH PB D1 | 6/28/2013 – 6/28/2014 |
| Excess Policy issued by Zurich PLC | 7067721 13 XL GC D1 | 6/28/2013 – 6/28/2014 |
| CGL Policy issued by Zurich American | GLO 5415740-01 | 6/28/2014 – 6/28/2015 |
| Public & Products Liability Policy issued by Zurich PLC | 7067720 14 CH PB D1 | 6/28/2014 – 6/28/2015 |
| Excess Policy issued by Zurich PLC | 7067721 14 XL GC D1 | 6/28/2014 – 6/28/2015 |

21.     XL Insurance issued at least the following Policy, which provides coverage to

6

National Foam, with effective dates and policy number as set forth below:

| **Policy Type** | **Policy Number** | **Policy Period** |
|---|---|---|
| Public & Products Liability Policy issued by XL Insurance | GB00047359LI | 6/28/2015 – 6/28/2016 |

22.     The AIG Defendants issued at least the following Policies, which provide coverage to National Foam, with effective dates and policy numbers as set forth below:

| **Policy Type** | **Policy Number** | **Policy Period** |
|---|---|---|
| CGL Policy issued by Commerce Insurance | GL653-85-65 | 6/28/2016 – 6/28/2017 |
| Public & Products Liability Policy issued by AIG Limited | 21011510 | 6/28/2016 – 6/28/2017 |
| CGL Policy issued by Commerce Insurance | GL663-16-45 | 6/28/2017 – 6/28/2018 |
| Public & Products Liability Policy issued by AIG Limited | 21011510 | 6/28/2017 – 6/28/2018 |
| CGL Policy issued by Pennsylvania Insurance | WS11013519 | 6/28/2018 – 6/28/2019 |
| Public & Products Liability Policy issued by AIG Limited | 21011510 | 6/28/2018– 6/28/2019 |

23.     The Insurer Defendants' CGL Policies provide coverage for those sums that the

7

insured becomes legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence. The CGL Policies further provide that each insurer has a duty to defend the insured against any suit that potentially seeks such damages.

24. The Insurer Defendants' Public & Products Liability Policies provide coverage to the insured for liability arising out of personal injury and/or property damage resulting from an occurrence. These Policies further provide for the payment of legal costs and expenses in the settlement or defense of any such claim or suit.

25. The Insurer Defendants' Excess Policies provide follow form coverage in accordance with the terms, exceptions, and conditions of the primary policies.

26. The Insurer Defendants' Policies also contain limitations and exclusions regarding the use of certain designated substances and pollutants, but they have no limitations or exclusions that apply to the use of products containing PFAS as is alleged in the AFFF Suits and the MDL. Nor do the Insurer Defendants' Policies preclude coverage for the use of National Foam's products. In fact, coverage for such products is expressly or impliedly provided for in the Policies. At a minimum, the Policies' limitations and exclusions regarding designated substances and pollutants have been drafted by the Insurer Defendants using confusing, unclear, and/or ambiguous language that must be construed narrowly against the Insurer Defendants and in favor of coverage for the insured National Foam as a matter of law.

27. Accordingly, the allegations in the AFFF Suits and the MDL fall squarely within the coverage provided by the Insurer Defendants' Policies. Those allegations include claims for bodily injury, personal injury, and/or property damage arising from plaintiffs' alleged use of National Foams' firefighting foams and products that allegedly contain PFAS. No limitations or exclusions apply. As a result, the Insurer Defendants have a clear duty to defend and/or indemnify National Foam with respect to the AFFF Suits and the MDL.

28. National Foam provided notice of and/or tendered the AFFF Suits to the Insurer Defendants for defense and indemnity. The Insurer Defendants are aware of the AFFF Suits and the continued filings and expansive scope of the AFFF Suits and the MDL.

29. On January 13, 2023, Defendant Zurich American agreed to provide National Foam with a defense to the AFFF Suits and the MDL, and reserved rights regarding any indemnification obligation. This included a reservation with respect to application of the pollution exclusion in the Policy, which Zurich American claimed applied to the claimants' exposure to PFAS because of National Foam's firefighting foam and/or other products.

30. Despite agreeing to provide National Foam with a defense, Zurich American has not reimbursed any of the millions of dollars in defense fees and costs incurred by National Foam or made arrangements to pay the ongoing cost of defense of the AFFF Suits.

31. The other Insurer Defendants have similarly failed to provide National Foam with a defense and/or have failed to reimburse the defense fees and costs incurred by National Foam in the AFFF Suits and the MDL.

32. As a result of the actions of the Insurer Defendants, National Foam has been denied benefits under the Policies to which it is entitled, including the right to a defense and/or the right to reimbursement of defense fees and costs.

33. As a further result of the actions of the Insurer Defendants, National Foam has been forced to engage the services of legal counsel for the purpose of obtaining insurance benefits and has suffered other consequential loss.

34. Additionally, the Insurer Defendants have engaged in a pattern and course of conduct that was intentional, reckless, oppressive, and malicious thereby entitling National Foam to exemplary and/or punitive damages.

## CAUSES OF ACTION

### COUNT I

**(Breach of Contract against all Insurer Defendants)**

35. National Foam incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

9

36. At all material times, the Insurer Defendants issued CGL Policies, Public & Product Liability Policies, and Excess Policies insuring National Foam.

37. National Foam has complied with all material conditions required under the terms of those Policies.

38. The AFFF Suits and MDL instituted against National Foam contain allegations of bodily injury, personal injury, and property damage that are covered under the Insurer Defendants' Policies. National Foam is therefore entitled to a defense and/or indemnify from the Insurer Defendants with respect to those actions.

39. The Insurer Defendants, however, have breached their Policies by failing and/or refusing to defend or indemnify National Foam with respect to the AFFF Suits and the MDL.

40. The Insurer Defendants are estopped from asserting and have waived all contractual provisions of their Policies, if any, purporting to limit their obligations defend or indemnify National Foam under the Policies.

41. As a direct and proximate result of the Insurer Defendants' actions, National Foam has suffered compensatory, consequential, and other damages.

## COUNT II

**(Breach of the Implied Covenant of Good Faith and Fair Dealing against all Insurer Defendants)**

42. National Foam incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43. At all material times, the Insurer Defendants owed a duty of good faith and fair dealing to National Foam with respect to their defense obligation and/or indemnity obligation pursuant to common law and statute including South Carolina Code § 38-59-20. The Insurer Defendants further covenanted that they would do nothing to impair National Foam's rights to

10

receive the benefits of the Policies.

44.     The duty of good faith and fair dealing is implied by law and codified in South Carolina Code § 38-59-20, which requires, *inter alia,* that the Insurer Defendants act in good faith and engage in fair dealing in connection with claims made by insureds under their Policies; that the Insurer Defendants give at least as much consideration to the interests of their insureds as they give to their own interests; that the Insurer Defendants promptly and thoroughly investigate all possible bases for coverage; that the Insurer Defendants effect prompt, fair, and equitable settlements of claims where liability is reasonably clear; that the Insurer Defendants refrain from compelling policyholders to institute lawsuits to recover amounts reasonably due and payable under the Policies; and that the Insurer Defendants to promptly pay all claims and immediately provide a defense to the insured.

45.     The Insurer Defendants have violated the covenant of good faith and fair dealing by consciously and unreasonably refusing and/or failing to defend or indemnify National Foam with the knowledge that National Foam was entitled to these Policy benefits; consciously and unreasonably refusing to promptly and thoroughly investigate the claim; consciously and unreasonably refusing to pay National Foam's claim with the knowledge that the claim is payable and with the intent of saving them money at National Foam's expense; consciously and unreasonably adopting a position and interpretation of the Policies which the Insurer Defendants knew to be improper with the express purpose of denying National Foam's benefits; consciously and unreasonably failing to effect prompt, fair, and equitable settlements of third-party claims in the AFFF Suits and MDL; consciously and unreasonably failing to promptly pay amounts due and owing under the Policies including millions in defense fees and costs incurred by National Foam in the defense of the AFFF Suits and the MDL.

46.     The Insurer Defendants have abandoned National Foam knowing that National Foam will be left without the benefit of the Insurer Defendants' insurance coverage, which will have devastating financial consequences to National Foam.

47.     As a proximate result of the Insurer Defendants' conduct, National Foam has

11

suffered compensatory, consequential, and other damages, including damages for having to engage legal counsel to obtain policy benefits.

48.     Additionally, the Insurer Defendants have engaged in pattern and course of conduct that was intentional, reckless, oppressive, and malicious thereby entitling National Foam to exemplary and/or punitive damages.

## COUNT III

**(Declaratory Judgment against all Insurer Defendants)**

49.     National Foam incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

50.     There is a genuine dispute and actual controversy that exists between National Foam and the Insurer Defendants over their defense and indemnity obligations under the Policies with respect to the AFFF Suits and the MDL.

51.     The Insurer Defendants have a duty to defend and/or indemnify National Foam with respect to the AFFF Suits and the MDL.  The Insurer Defendants, however, have failed to comply with these duties.

52.     The Insurer Defendants have a duty to pay those sums incurred by National Foam through settlements or judgments in connection with the AFFF Suits and the MDL.  The Insurer Defendants, however, have failed to acknowledge these duties.

53.     Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, National Foam hereby requests that the Court declare:

    a. That the Insurer Defendants have a duty to defend National Foam with respect to the AFFF Suits and/or the MDL;

    b. That the Insurer Defendants have a duty to reimburse and/or indemnify National Foam for all attorneys' fees and costs it has incurred in the defense

      of the AFFF Suits and/or the MDL;

c. That the pollution limitations and/or exclusions in the Policies do not apply and they do not absolve the Insurer Defendants' of their duties to defend and indemnify National Foam with respect to the AFFF Suits and/or the MDL;

d. That the Insurer Defendants have a duty to indemnify National Foam for any settlements or judgments resulting from the AFFF Suits and/or the MDL; and

e. Any other interpretation or declaration of the Insurer Defendants' duties and obligations under the Policies that the Court deems necessary.

## **PRAYER FOR RELIEF**

National Foam respectfully demands judgment against the Defendant Insurers as follows:

A.    On Count I, for an award of compensatory, consequential, and other damages that National Foam has suffered as a result of the Insurance Defendants' breach of their Policies;

B.    On Count II, for an award of compensatory, consequential, exemplary, punitive, and other damages resulting from the Insurer Defendants' breach of the implied covenant of good faith and fair dealing;

C.    On Count III, for the declarations as sought herein; and

D.    As to all counts, an order obligating the Insurer Defendants to pay all costs incurred by National Foam in bringing this action including attorneys' fees and costs; pre- and post-judgment interest; and for such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 7, 2024	Respectfully submitted,


By: /s/Adam C. Bach
    Adam C. Bach		(Federal Bar #9877)
    Robert D. Holland	(Federal Bar #9877)
    Zachary A. Turner	(Federal Bar #13841)
    TONNSEN BACH, LLC
    1306 South Church Street
    Greenville, SC 29605
    Telephone:	(864) 236-5013
    Facsimile:	(864) 312-4191
    Email:		abach@tonnsenbach.com
               rholland@tonnsenbach.com
               zturner@tonnsenbach.com


By: /s/Ryan H. Opgenorth
    Philip L. Pillsbury, Jr. (*pro hac vice* forthcoming)
    Ryan H. Opgenorth	(*pro hac vice* forthcoming)
    Blake E. Williams	(*pro hac vice* forthcoming)
    PILLSBURY & COLEMAN, LLP
    100 Green Street
    San Francisco, California 94111
    Telephone:	(415) 433-8000
    Facsimile:	(415) 433-4816
    Email: ppillsbury@pillsburycoleman.com
           ropgenorth@pillsburycoleman.com
           bwilliams@pillsburycoleman.com


By: /s/William R. Clayton
    William R. Clayton  (*pro hac vice* forthcoming)
    Miguel Aristizabal   (*pro hac vice* forthcoming)
    Clayton Trial Lawyers PLLC
    401 E. Las Olas Blvd. Suite 1400
    Fort Lauderdale, FL 33301
    Telephone:	(833) 938-2300
    Email: claytonw@ctllawyers.com
           aristizabalm@ctllawyers.com

*Counsel for Plaintiff National Foam, Inc.*

14