**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

National Foam, Inc.,

        Plaintiff,

  v.

Zurich American Insurance Company, Inc.,
*et al.*,

        Defendants.

Case No. No. 2:24-cv-02877-RMG

**ORDER AND OPINION**

    This matter is before the Court on Defendant Insurers' motions to dismiss. (Dkt. Nos. 48 and 49). Plaintiff National Foam responded in opposition (Dkt. No. 54), and Defendants replied (Dkt. Nos. 55 and 56). For the reasons set forth below, the Court dismisses this case.

**I.  Background**

    National Foam has been named as a defendant in thousands of underlying lawsuits related to the manufacture, sale, distribution, or use of Aqueous Film-Forming Foams ("AFFF"). These AFFF Lawsuits have been filed in various state and federal courts and are consolidated in the AFFF Multi-District Litigation ("MDL"), which is currently pending before this Court.

    On May 31, 2023, National Foam initiated a coverage dispute in California state court against Zurich American Insurance Company ("Zurich") regarding Zurich's duty to defend National Foam in the AFFF MDL (the "California Action"). The California Action did not initially name any other insurance carrier defendants and did not initially contain claims regarding the duty to indemnify. On August 2, 2023, Zurich removed the action to federal court, where it is now pending in the Northern District of California.

    On May 7, 2024, National Foam commenced this coverage action against Zurich as well as Commerce and Industry Insurance Company and The Insurance Company of the State of

Pennsylvania (together, "AIG Insurers" or "AIG"), relating to AFFF Lawsuits (the "South Carolina Action"). The Complaint filed in the South Carolina Action asserts causes of action related to the Insurers' duty to defend and duty indemnify.

On May 9, 2024, Zurich filed a third-party complaint in the California Action against the AIG Insurers and XL Insurance America, Inc. ("XL") seeking declaratory relief regarding their obligations to reimburse defense costs incurred by National Foam. AIG Insurers and XL, which is not a party in the South Carolina Action, appeared in the California Action, consented to personal jurisdiction, and have begun litigating the coverage issues in the California Action. Zurich's third-party complaint resulted in additional claims regarding the duty to indemnify.

As it stands today, the South Carolina Action names a narrower subset of insurers than the California Action. The South Carolina Action contains Zurich and the AIG Insurers, and the California Action contain Zurich, AIG Insurers, and XL. Additionally, both the South Carolina Action and California Action now contain claims related to the Insurers' duty to defend and duty to indemnify.

Zurich and AIG now move to dismiss the South Carolina Action pursuant to the first-filed rule, Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. The Court, as discussed below, finds that this case should be dismissed under the first-filed rule, and therefore, does not address Insurers alternative arguments for dismissal.

## II.     Standard

The Fourth Circuit adheres to the "first filed" rule. *MVP Grp. Int'l, Inc. v. Smith Mountain Indus., Inc.*, 2012 WL 425010, at *1 (D.S.C. Feb. 9, 2012) (citations omitted). The rule provides that "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Victaulic*

*Co. v. E. Indus. Supplies, Inc.*, 2013 WL 6388761, at *2 (D.S.C. Dec. 6, 2013) (quoting *Allied– Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982)). "A district court may dismiss, stay, or transfer a later-filed lawsuit in deference to the first filed action." *St. Paul Fire & Marine Ins. Co. v. Renne Acquisitions Corp.*, 2010 WL 2465543, at *2 (W.D.N.C. June 14, 2010). However, "[a]pplication of the rule is discretionary, not mandatory," and the Fourth Circuit "has no unyielding 'first-to-file' rule." *Victaulic*, 2013 WL 6388761, at *2.

The first-filed rule is applied in two steps. *See id.* "[T]he court first considers whether the two competing actions are substantially the same or sufficiently similar to come within the ambit of the first-to-file rule." *Id.* (quoting *Harris v. McDonnell*, 2013 WL 5720355, at *3 (W.D. Va. Oct. 18, 2013)). Second, if the court finds the cases are sufficiently similar, it then decides which forum is better-suited to adjudicate the controversy. *Scardino v. Elec. Health Res., LLC*, No. 2:14-cv-2900-PMD, 2016 WL 1321147, at *2 (D.S.C. Apr. 5, 2016).

III.   **Discussion**

   A. **Substantially Similar**

   "[D]uplicative actions a[re] those where 'the parties, issues, and available relief do not significantly differ between the two cases.'" *MVP Grp.*, 2012 WL 425010, at *1 (citing *Cottle v. Bell*, 2000 WL 1144623, at *1 (4th Cir. 2000) (unpublished table opinion)); *see also Nexsen Pruet, LLC v. Westport Ins. Corp.*, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) ("Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."). "To determine if there is sufficient similarity to bring the first-to-file rule into play, courts have considered three factors: (1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." *Trident Constr. Servs.*, C/A No. 2:22-2555-RMG, 2022 WL 17718813, at *3 (D.S.C. Dec. 14, 2022). (citations omitted). "The actions being assessed

3

need not be identical if there is substantial overlap with respect to the issues and parties." *Id.* (citation omitted).

Insurers argue the cases are substantially similar for several reasons. The Insurers note that the California Action was filed a year before the South Carolina Action and that both the California Action and South Carolina Action were initiated by National Foam against Zurich concerning coverage over AFFF Lawsuits. The Insurers further note that both cases involve nearly identical parties, with National Foam, Zurich, an AIG Insurers present in both cases. The Insurers note that the California Action is in fact more comprehensive because in also includes XL. Additionally, the Insurers argue that the causes of action are identical in both cases and that any technical differences in the pleadings is irrelevant because whether or not National Foam has insurance coverage is the central dispute in both cases, meaning the same coverage issues and defenses will need adjudication in both cases.

National Foam also argues that the cases are not substantially similar because the California Action was originally brought as a duty to defend action to obtain reimbursement of defense costs against a single insurer, Zurich. National Foam notes that additional parties and additional claims regarding the duty to indemnify in the California Action resulted only after Zurich's third-party complaint in that case. Based on these facts, National Foam argues that the South Carolina Action was the first case that could resolve all coverage issue with Zurich and AIG.

The Court finds that the cases are substantially similar. First, the actions were initiated close in time because the California Action was filed in May 2023, the South Carolina Action was filed in May 2024, and Zurich's third-party complaint adding additional defendants and raising the duty to indemnify was filed in May 2024. Second, the parties are sufficiently similar as only XL is an additional party to the California Action. And third, the issues at stake are similar in both

actions. The Court does not find National Foam's claim regarding the Insurers duty to indemnify in the South Carolina Action makes the two cases dissimilar in a meaningful way for the first-filed rule. Additionally, such a distinction is no longer relevant because National Foam raised the Insurers duty to indemnify in its answer and counter claim to third-party Defendants XL and AIG. National Foam's claims, in both cases, appear to be contingent on it establishing that its Insurers breached their insurance policies or otherwise obtaining declaratory judgment that regarding the Insurers obligations related to AFFF lawsuits. "The cases might not be 'mirror images,' but they are substantially similar for purposes of the first filed rule." *Great W. Casualty Co. v. Packaging Corp. of Am.*, 444 F.Supp.3d 664, 671 (M.D.N.C. 2020).

### B. Convenience Factors

To determine which forum is better suited to adjudicate the controversy, courts often look at the following convenience factors:

> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

*Scardino*, 2016 WL 1321147, at *2.

Neither National Foam nor any of the Insurers are citizens of South Carolina or California. Therefore, factors one through six do not weigh in favor of either forum.

National Foam argues justice requires the Court to abstain from applying the first-filed rule because the coverage action involves the AFFF MDL with over 5,000 actions pending against National Foam. National Foam argues that maintaining the South Carolina Action will facilitate settlement discussions that could lead to a resolution of National Foam's underlying AFFF

Lawsuits. To support its argument, National Foam cites this Court's decision in a similar coverage dispute filed by Tyco.

In *Tyco*, "[t]he absence of a resolution of the major coverage issues between Tyco and its liability carriers [] impaired the negotiations between Tyco and the plaintiffs in the MDL." *Tyco Fire Prods. LP v. AIU Ins. Co.*, No. 2:23-2384-RMG, 2023 WL 6846676, at *8 (D.S.C. Oct. 17, 2023). Tyco was facing a "bellwether trial in the AFFF MDL that could potentially produce a devastating financial verdict against it. A timely resolution of those coverage issues, either by finding coverage or the absence of coverage, could provide the negotiating parties in the MDL critical information needed to reach a negotiated settlement." *Id.* The Court specifically noted "a fundamental problem with the Wisconsin court [,the alternative forum for Tyco,] schedule, which, though recently expedited, would not have dispositive briefing completed until [after the commencement of Tyco's bellwether trial]. *Id.* For those reasons, this Court found that retaining the matter and facilitating the adjudication of the major coverage issues would promote judicial efficiency and enable a final resolution of the case.

Those same concerns are not present here. National Foam is not subject to an imminent bellwether trial. The California Action has been pending for over a year with a scheduling order in place, making it the case that would more likely provide timely resolution. Additionally, the California Action is the more comprehensive case; therefore, dismissing South Carolina Action in favor of the California Action would promote judicial efficiency, would avoid piecemeal litigation, and would allow complete resolution of the coverage issues in a single forum.

National Foam also argues that it would be more efficient for the South Carolina Action to proceed and that judicial resources will not be conserved if the California Court is left to adjudicate the coverage issues. National Foam argues that the South Carolina Court is the better forum

because of this Court's familiarity with the AFFF MDL and that having the California Court monitor the AFFF MDL and familiarize itself with 5,000 AFFF cases filed against National Foam would be a waste of judicial resources. The Court notes that National Foam was the party who initially filed the California Action against Zurich regarding coverage related to the same AFFF cases it now argues would be too burdensome for the California Court to consider.

The Insurers argue that the California Case is the more convenient because it is the more comprehensive action as it includes all of National Foam's domestic insurers. As stated above, favoring the California Action would promote judicial efficiency, avoids piecemeal litigation, and would allow complete resolution of the coverage issues in a single forum. The Insurers also note that the California Action has progressed further and is into the discovery phase of this litigation while the South Carolina Action is still in the motion to dismiss phase, meaning the California Action would more likely lead to a timely resolution of the matter.

The Court finds that the interests of justice, judicial economy, and efficiency indicate that California Action is better suited to resolve the coverage dispute amongst these parties.

### C. Exceptions

National Foam also argues that the Court should abstain from applying the first-filed rule because Zurich and AIG have engaged in procedural fencing by failing to disclose its motion to dismiss in the Tyco Action was denied and filing a third-party complaint in the California Action to make it appear more comprehensive. Courts have found procedural fencing supports an exception to the first-file rule. *CompuZone, Inc. v. Top Tobacco, L.P.*, 2015 WL 12804523, No. 3:14-cv-04790-CMC, at 6 n. 12 (D.S.C. May 5, 2015). The record shows that National Foam filed the California Action on May 31, 2023; that National Foam filed the South Carolina Action on May 7, 2024; and that Zurich filed its third-party complaint against XL and AIG in the California

Action on May 9, 2024. The docket in the California Action indicates that National Foam knew in March 2024 of Zurich's intention to add other insures in that case. (*National Foam, Inc. v. Zurich American Insurance Company*, 3:23-cv-03873-LB, Dkt. No. 41 (March 7, 2024) (setting a deadline "for Zurich to add other insurers to the action"). This undermines National Foam's argument that Zurich was attempting to make the California Action more comprehensive to avoid the jurisdiction of this Court. The Court therefore rejects National Foam's argument and finds that Zurich and AIG did not engage in procedural fencing that would warrant abstaining from applying the first-filed rule.

Accordingly, the Court finds that the first-filed rule applies, and that the California Action is entitled to priority over the South Carolina Action.

## IV.     Conclusion

For the reasons stated above, the Court grants Defendant's motion to dismiss and dismisses the case without prejudice.

 s/ Richard Mark Gergel_____
Richard Mark Gergel
United States District Judge

December 19, 2024
Charleston, South Carolina